[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion by Theresa M. Cossu to strike the claim by the W. R. Berkley Company for apportionment is denied.[1] This motion is based on two contentions, neither of which is deemed controlling: (1) that the claim for apportionment of damages is CT Page 10201 not a claim upon which relief can be granted; and (2) that Cossu was cited in pursuant to General Statutes § 52-102 after the two year statute of limitations contained in General Statutes § 52-584 had expired.
In regard to the claim concerning the statute of limitations,Bezsyk v. Ford, 9 CSCR 425 (March 17, 1994, Lewis, J.) andKennedy v. Martinez, 7 Conn. L. Rptr. 354 (September 14, 1992, Rush, J.), stand for the proposition that a claim for apportionment based on General Statutes § 52-572h(c) is not "an action to recover damages" and hence is not within the scope of General Statutes § 52-584.
As to the argument that the claim for apportionment of damages is not a claim upon which relief can be granted, Cossu has failed to "distinctly specify" the reason that the claim is insufficient in her motion to strike as is required by Practice Book § 154. Furthermore, Cossu's argument in her memorandum of law that there has been no allegation that she "was in any way responsible for the accident" is not persuasive because the complaint filed by Berkley against Cossu specifically alleges that the negligence and/or carelessness of Cossu caused the plaintiff Dapice's injuries.[2]
So Ordered.
Dated at Stamford, Connecticut, this 8th day of September, 1995.
William B. Lewis, Judge